UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENYON NEAL LYLE, JR.,

Defendant.

NO. CR-10-6070-EFS

**ORDER ENTERING RULINGS FROM JULY 26, 2012 HEARING**

**I. Introduction**

A hearing occurred in the above-captioned matter on July 26, 2012. Defendant Kenyon Neal Lyle Jr. was present, represented by Jeffry Finer. Assistant United States Attorney Alexander Ekstrom appeared on behalf of the United States Attorney's Office (USAO). Before the Court was Defendant's Motion to Dismiss Counts 3 & 9 for Failure to State an Offense, ECF No. 139. After hearing the arguments of counsel and reviewing applicable authority and the record in this matter, the Court was fully informed and denied Defendant's motion. This Order serves to memorialize and supplement the Court's oral rulings.

**II. Discussion**

Defendant moves to dismiss counts three and nine of the Superseding Indictment, ECF No. 132, for failure to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B). Under Rule 12, a court's review

of the sufficiency of an indictment is limited to the "four corners" of the indictment. *United States v. Boren*, 278 F.3d 911, 913-14 (9th Cir. 2002) (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)). All allegations in the indictment are presumed true for purposes of resolving a motion brought under Rule 12(b)(3)(B). *Jensen*, 93 F.3d at 669.

Counts three and nine of the superseding indictment charge Defendant with reckless tampering with a consumer product in violation of 18 U.S.C. § 1365(a). Section 1365 makes it a crime to:

> with reckless disregard for the risk that another person will be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk, tamper[] with any consumer product that affects interstate or foreign commerce, or the labeling of, or container for, any such product . . . .

18 U.S.C. § 1365(a). The elements of a violation of § 1365(a) are thus: 1) with reckless disregard to risk of serious bodily injury or death to another (*mens rea* element); 2) tamper with a consumer product (*actus reus* element); 3) that affects interstate or foreign commerce (objective element).

Defendant argues that the Superseding Indictment fails to state an offense when it charges him with tampering with consumer products "by opening the manufacturer's boxes containing Fentanyl patches, by removing said Fentanyl patches, by re-gluing said manufactureer's boxes and returning said manufacturer's boxes to a secured narcotics storage." ECF No. 132 at 2, 5. Defendant argues that this conduct, even if assumed to be true, does not constitute § 1365's *actus reus* of "tampering." Defendant analogizes to cases from the Seventh and Eleventh Circuits

holding that the substitution of one drug for another is tampering, arguing that the mere *removal* of a drug does not constitute tampering.

The USAO responds that Defendant erroneously focuses only on the act of removing the patches and ignores other crucial acts alleged in the Superseding Indictment: re-gluing the boxes and returning them to the pharmacy's storage.

The two cases Defendant cites, *United States v. Garnett*, 122 F.3d 1016 (11th Cir. 1997), and *United States v. Cunningham*, 103 F.3d 553 (7th Cir. 1996), are not readily distinguishable from this case. In *Cunningham*, the defendant was a registered nurse who was convicted under § 1365 for removing the painkiller Demerol from syringes and replacing it with an inert saline solution. *Cunningham*, 103 F.3d at 555. The defendant challenged her conviction on the ground that merely withholding pain medication did not place any victim in danger of bodily injury. *Id.* The Seventh Circuit rejected the defendant's argument on the ground that "the statute as we interpret it forbids tampering that *reduces the efficacy* of a drug designed to save life or alleviate a bodily injury, as well as tampering that turns the drug into a poison." *Id.* at 556 (emphasis added).

In *Garnett*, the defendant was convicted under § 1365 for taking pre-bottled Hydrocodone tablets and replacing them with other medications after scratching off the other medications' identifying marks; it is unclear what medications the defendant used as substitutes. *Garnett*, 122 F.3d at 1017-18. In challenging the sufficiency of the evidence behind his conviction, the defendant argued, as does Mr. Lyle, that the removal of the Hyrdocodone tablets only constituted theft, and not tampering.

*Id.* at 1018. Relying on *Cunningham*, the Eleventh Circuit rejected this argument, finding that "[b]y replacing hydrocodone with other drugs Garnett increased the risk that injury from incorrectly dispensed drugs would occur. Surely he reduced the efficacy of a bottle of hydrocodone tablets by introducing other drugs into the bottles after scratching off their identifying marks." *Id.*

Here, the conduct that Mr. Lyle is charged with matches that of the defendants in *Cunningham* and *Garnett* in that removing all of the patches from a box of Fentanyl patches clearly "reduced the efficacy" of the box. It is true that *Garnett* and *Cunningham* both involved the substitution of other substances, an inert saline solution in *Cunningham* and unidentified but apparently risk-producing medications in *Garnett*, but this distinction is meaningless for the purposes of a motion challenging the legal sufficiency of the indictment in this matter. Here, the Superseding Indictment charges Mr. Lyle not only with tampering with the patches, but also tampering "with the labeling of *and container for*" the Fentanyl patches, and it alleges facts that constitute tampering with the patches' containers. ECF No. 132 at 2, 5 (emphasis added). The charged conduct thus tracks the language of § 1365(a), which ends the Court's Rule 12 inquiry. *See Boren*, 278 F.3d at 914 ("On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged. The indictment either states an offense or it doesn't." (internal citation omitted)).

//

/

**III. Conclusion**

For these reasons, as well as those stated on the record, the Court finds that the Superseding Indictment states a crime under § 1365(a) when it alleges that Mr. Lyle removed Fentanyl patches from their boxes, re-glued the boxes, and returned them to the pharmacy's storage, and Defendant's motion is denied.

Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion to Dismiss Counts 3 & 9 for Failure to State an Offense, **ECF No. 139**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 26th day of July 2012.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Criminal\2010\6070.enter.rulings.3.lc2.wpd