FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

KENYON NEAL LYLE, JR.,

                Defendant.

No. 2:10-CR-06070-EFS

**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISION**

Before the Court is Defendant Kenyon Neal Lyle, Jr.'s Motion for Early Termination of Supervision, ECF No. 230. Mr. Lyle moves for early termination of his supervised release based on his compliance with release conditions and his accomplishments in prison and since release. For the reasons articulated below, Mr. Lyle's motion is denied.

## I.   **Procedural and Factual History**

On August 10, 2012, Mr. Lyle pleaded guilty to seven counts of Obtaining a Controlled Substance by Fraud, in violation of 21 U.S.C. § 843(a)(3), and two counts of Tampering with Consumer Products, in violation of 18 U.S.C. § 1365(a). ECF No. 151. On November 28, 2012, the Court sentenced Mr. Lyle to 24 months' imprisonment to be followed by one year of supervised release for the controlled substance charges and 48 months' imprisonment to be followed by three years of supervised release for the tampering with consumer products charges; the sentences

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISION - 1

were to be served concurrently. ECF No. 199 & 211. On July 8, 2016, Mr. Lyle was released from the Bureau of Prisons and began supervised release. His term of supervised release is therefore set to end on July 7, 2019.

## II. <u>Governing Law</u>

The Court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6)" terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court has "wide latitude" and a "significant degree of discretion" when considering motions to modify or terminate supervised release. *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006); *United States v. Bainbridge*, 746 F.3d 943, 946-47 (9th Cir. 2014). However, modification of supervised release remains a remedy that is only "occasionally" granted where "changed circumstances . . . render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)).

The defendant, "as the party receiving the benefit of early termination," bears the burden "to demonstrate that such a course of action is justified." *Weber*, 451 F.3d at 559 n.9.

///

//

/

### III. Discussion

Considering the relevant factors, the Court is not persuaded that the circumstances have sufficiently changed to transform the 3-year term of supervised release into one that is "inappropriately tailored" or "too harsh." Upon review of Mr. Lyle's history of addiction and the circumstances of the offense, the Court continues to believe that the existing term of supervised release will deter Mr. Lyle from criminal conduct and will protect the public from his future crimes.

However, Mr. Lyle's behavior in prison and since release has been commendable — of this there is no doubt. The Court particularly recognizes that Mr. Lyle participated in RDAP, mentored others, and has started a local support group for those who struggle with drug addiction. He has also maintained steady employment since release and obtained a certificate in addiction studies. That being the case, Mr. Lyle is encouraged to move for early termination once he has completed 30 months of his term of supervised release.

Accordingly, **IT IS HEREBY ORDERED**: Defendant Kenyon Neal Lyle, Jr.'s Motion for Early Termination of Supervision, **ECF No. 230**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 9th day of July 2018.

_____s/Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge