UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br><br>KENYON NEAL LYLE JR.,<br>                Defendant. | No.    2:10-CR-06070-EFS-1<br><br><br><br>**ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE** |

Before the Court is Defendant Kenyon Neal Lyle, Jr.'s Motion for Early Termination of Supervision, ECF No. 232. Mr. Lyle moves for early termination of his supervised release based on his compliance with release conditions and his accomplishments in prison and since his release. *Id.* For the reasons articulated below, Mr. Lyle's Motion is granted.

## I.     BACKGROUND

On August 10, 2012, Mr. Lyle pleaded guilty to seven counts of Obtaining a Controlled Substance by Fraud in violation of 21 U.S.C. § 843(a)(3) and two counts of Tampering with Consumer Products, in violation of 18 U.S.C. § 1356(a). ECF No. 151. On November 28, 2012, the Court Sentenced Mr. Lyle to 24 months imprisonment to be followed by one year of supervised release for the controlled

substance charges and 48 months' imprisonment to be followed by three years of supervised release for the tampering with consumer products charges; the sentences were to be served concurrently. ECF Nos. 199 & 211. On July 8, 2016, Mr. Lyle was released from the Bureau of Prisons and began supervised release. His term of supervised release is therefore set to end on July 7, 2019.

## II. APPLICABLE LAW

After the expiration of one year of supervised release, the Court may terminate a term of supervised release. 18 U.S.C. § 3583(e)(1).[1] The Court should examine the factors set forth in 18 U.S.C. § 3553(a) to determine if release is warranted by "the conduct of the defendant" and is in the "interest of justice." *Id*. The Court enjoys great discretion to consider a wide range of circumstances when determining whether to grant early termination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Defendant bears the burden to demonstrate that termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006).

"Occasionally, changed circumstances—for instance, exceptionally good behavior" will render a previously imposed term of condition "inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000). The United States Sentencing Guidelines "encourage . . . [courts] to exercise this authority in appropriate cases," particularly

---

[1] A hearing is not required if the Government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so. *See* Fed. Rule Crim. Pro. 32.1(c)(2)(C); *see also* 18 U.S.C. § 3583(e)(1).

noting that a court may impose a longer term of supervised release on a defendant with an addiction, but may then terminate supervised release early when a defendant "successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant." U.S.S.G. § 5D1.2, cmt. n. 5.

This is a circumstance where circumstances have changed. When Mr. Lyle came before the Court in 2012, he had been struggling with years of an essentially unchecked opiate addiction. ECF No. 171 at ¶ 102. His history of binge drinking and alcohol abuse as a college student quickly turned into a more serious addiction when he was prescribed Hydrocodone for tooth pain. *Id.* at ¶ 101–102. As a pharmacist, he had easy access to prescription medications and tampered with medication boxes in order to sustain his addiction. *Id.* at ¶ 9–24.

During pretrial supervision Mr. Lyle participated in substance abuse treatment at First Step in Kennewick. ECF No. 171 at ¶ 105. He successfully completed treatment and had no positive urine tests while on supervision. *Id.* He recognized his addiction to this Court when he was sentenced and stated that he would participate in substance abuse treatment. *Id.*

Mr. Lyle has now served over 30 months of supervised release without incident. ECF No. 232. Since then, Mr. Lyle has completed the Residential Drug Abuse Program (RDAP) at FPC-Lompoc. *Id.* He became a "Senior Guide" for RDAP and ultimately became a mentor after completing the program. *Id.* Mr. Lyle was also a GED teacher before his release. *Id.*

Mr. Lyle was released to a half-way house where he has continued to be involved in rehabilitation counseling. *Id.* He obtained his masters certificate in Addiction Studies in June 2017 and started a local group in the Tri-Cities area for professions (medical and legal) who struggle with addiction. *Id.* Mr. Lyle has a support system, which includes his family, religious community, coworkers, and employers. He has maintained employment with Washington River Protection Solutions since December 2016. *Id.* Mr. Lyle recently welcomed a new baby. *Id.*

In light of this significant change in circumstances the Court believes that it is no longer necessary to supervise Mr. Lyle to afford adequate deterrence, provide just punishment, or protect the public from his further crimes. *See* 18 U.S.C. § 3553(a), (e); 18 U.S.C. § 3583(e)(1).

**IT IS HEREBY ORDERED:**

1. Defendant's Second Motion for Termination of Supervision, **ECF No. 232,** is **GRANTED.**
2. Defendant's supervised release is **TERMINATED,** effective as of the date of this order.

//

/

/

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel, the U.S. Marshal's Service, and the U.S. Probation Office.

**DATED** this  26th   day of March 2019.

s/Edward F. Shea

EDWARD F. SHEA  
Senior United States District Judge

Q:\EFS\Criminal\2010\10-cr-6070.Lyle. Termination of Supervised Release.lc02.docx

Order— Page **5** of 5